## NORRISTOWN STATE HOSPITAL PRE-ADMISSION FORM

Prison Inmate # **2100624\**

Case # **100871**

## IDENTIFYING INFORMATION

Patient Name **Williams, Shawn**        Sex **Male** Religion **Unknown**
      (Last)    (First)     (MI)  (Jr. or Sr.)

A.K.A._____ Social Security_____

Address _____ Chester, PA _____

Race (Circle One)   White Non Hispanic   White Hispanic   **Black Non Hispanic**   Black Hispanic
           American Indian/Alaskan Native       Asian/Pacific Islander

Marital Status **Unknown**_____ Maiden Name_____ DOB_____1982____

Primary Language **English**_____ If non-English speaking, is interpreter needed? Yes  No  (Circle One)

                If yes, what language _____

Living Arrangement (CRR, PCBH, Family, Independent, etc) **Incarcerated**

Has a Mental Health Directive?  Yes  **No**  (Circle One)      Has a Living Will?  Yes  **No**  (Circle One)

Advanced Directive (Date & Facility)_____

Veteran  Yes  **No**  (Circle One)  If "yes" Branch (Circle One) Army   Navy   Air Force   National Guard
                                  Marines   Other (specify)_____

Adaptive Devices Needed? Yes  **No**  (Circle One) If "yes" describe_____

Charges/Legal Involvement  **Murder of First Degree, Murder of Third Degree, Possession of Weapon, Possession of Firearm Prohibited, Firearms not to be Carried w/o License**

Prior Hospitalization_____

Prior NSH Hospitalization_____

MH Commitment/Legal **402B**  County **Delaware** Effective **On Admission**  X  **60**  Days

## FAMILY/SOCIAL CONTACTS

Family/Significant Other/Responsible Party **None Provided**_____Relationship_____

Address **As Above**_____ Telephone_____

## FACILITY INFORMATION

Referring Facility   **G. W. Hill Correctional**_____ Date Admitted_____**12/21/2021**

Facility Contact____**Jessica Corrar**_____ Telephone  **610-361-3200  ext 414**

## BSU INFORMATION

Current BSU **Delaware**_____ BSU #__**239**_Case #_____

Community Case Manager (ICM, CTT, etc.)_____

Telephone (_____)_____

## DIAGNOSES (All must be substantiated with DSM V Criteria)

**Unspecified Personality D/O**

**Unspecified Schizophrenia Spectrum D/O**

**Adjustment D/O with Depressed Mood**



Page 1 of 2

Date Created: 11/16/2024 at 1007 EST
Form Name: Discharge (Forensic)
Client's Name: WILLIAMS,SHAWN (000100871)
Client's DOB: ████/██/1982

Commonwealth of Pennsylvania
Office of Mental Health & Subs Abuse
State Hospital System

**Forensic Discharge**

**Summary Date:**

11/16/2024

**Admission Date:**

10/04/2024

**Discharge Date:**

11/11/2024

**Identification Information:**

MRN: 100871

**Reason for Admission/Diagnosis on Admission/Chief Compliant (Click on the Template Icon > Widget Templates > Individual > Diagnoses):**

For competency/schizoaffective disorder/substance use d/o. Pt is medically stable on admission.

**Sources of Information:**

Pt's chart.

**Current Status:**

Pt is medically stable .

**Psychiatric and Medical Diagnoses on Discharge (Note any recent psychiatric/physical/neurological exam outcomes or any abnormal lab tests):**

Medical diagnosis: Hyperlipidemia, Muscle spasm, BPH, Constipation.

**Prognosis/Condition of the Individual on Discharge:**

Pt is medically stable upon discharge. Pt does have L inguinal hernia with scrotal hydrocoele. He was seen by a surgeon on 10/15/24 for the hernia repair. However, this was not done prior to his discharge.

**Competency Assessment:**

Pt is deemed competent by the psychology group upon discharge.

1

Date Created: 11/16/2024 at 1007 EST
Form Name: Discharge (Forensic)
Client's Name: WILLIAMS,SHAWN (000100871)
Client's DOB: ██/██/1982

Commonwealth of Pennsylvania
Office of Mental Health & Subs Abuse
State Hospital System

**Medications on Discharge (Include all medications listed and specifically any continuity of care needs for individuals on two or more antipsychotic drugs):**

Atoorvastatin 20mg one at bedtime, Terazosin 10mg one at bedtime for BPH, Baclofen 10mg twice daily for muscle spasm, Miralax 17g/80z fluid once daily for constipation, Docusate 100mg twice daily for constipation.

**Recommendations (Include any recommendations of education for family, individual, medication recommendations, diet restrictions, drug and alcohol history, risk assessment):**

Pt needs to follow-up with a surgeon asap for possible inguinal hernia repair. Pt is also advised to continue taking all his medications as prescribed, and to follow-up with his PCP on as needed basis.

**Draft/Final**

**Draft/Final:**

Final

Electronically Signed by: SUNNY EKWUNIFE DO on 11/16/2024 at 1007 EST Author

2

Mary E. Welch, Esq.
Supreme Court ID 59873
Office of the Public Defender
Attorney for Defendant

220 N. Jackson Street
Media, Pennsylvania 19063
Phone: (610) 329-1470

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    CP-23-CR-452-22

V.    :

SHAWN WILLIAMS    :

## PETITION FOR DECLARATION OF INCOMPETENCY PURSUANT TO THE

## MENTAL HEALTH PROCEDURES ACT

TO THE HONORABLE KEVIN KELLY JUDGE OF THE SAID COURT:

Petitioner, the Defendant in the above-captioned case, Shawn Williams, by and through

his attorney, Mary E Welch, Esquire hereby petitions this Court pursuant to the Mental Health

Procedures Act (MHPA) for a hearing to determine competency to stand trial and the

appropriateness of involuntary treatment, and represents:

    1.    On or about December ▓ 2021, Petitioner was arrested by the Ridley Police

Department and charged ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. He is

currently incarcerated at Delaware County Prison. The criminal complaint is attached as Exhibit

A.

    2.    Petitioner was interviewed and evaluated by Dr. Anna Lawler, on several

occasions at Delaware County Prison. Dr. Lawler opined that Petitioner lacked sufficient

1

psychological and cognitive capacity to proceed with the legal process and that he should be considered incompetent.

3.    A person is incompetent to proceed with the legal process if they are "substantially unable to understand the nature or object of the proceedings against [them] or to participate and assist in [their] defense." 50 P.S. 7402(a).

4.    When a court deems an individual incompetent, it may order involuntary treatment for a period not to exceed 60 days "if the court is reasonably certain that the involuntary treatment will provide the defendant with the capacity to stand trial," and only if the individual is not severely mentally disabled. Treatment may consist of "outpatient treatment, partial hospitalization, or inpatient treatment." 50 P.S. 7402(b).

WHEREFORE, Petitioner requests that the court schedule a hearing pursuant to the MHPA to determine whether he is competent to stand trial, whether to order involuntary treatment for the purpose of competency restoration, and whether said treatment should consist of outpatient treatment, partial hospitalization, or inpatient treatment.

Respectfully submitted,

Mary E. Welch, Esquire
Attorney for Petitioner

2

## VERIFICATION

I, Mary E. Welch, Esquire, the undersigned attorney, hereby certifies that she is the

Petitioner and the attorney for the Defendant, and that the facts and information contained

in the foregoing Petition are true and correct to the best of my knowledge, information and

belief, and that this statement is made subject to the penalties 18 Pa.C.S. Section 4904,

relating to unsworn falsification to authorities.

Dated: 10|19|23                    BY: _____
                                       Mary E. Welch., Esquire
                                       Attorney No. 59873

## CERTIFICATE OF SERVICE

I, Mary E Welch., the undersigned attorney, hereby certify that on this date a true
and correct copy of the within Petition , was served, by First
Class U.S. Mail, on the following individual(s):

Office of the District Attorney
Delaware County Courthouse
Front Street and Veterans Square
Media, Pennsylvania 19063

Gerald Montella, Esquire
Office of the Court Administrator
Delaware County Courthouse
Front Street and Veteran's Square
Media, PA  19063

Dated: 10\19\23                    BY: _____
                                        Mary E. Welch, Esquire
                                        Attorney for the Defendant



# OFFICE OF THE PUBLIC DEFENDER
## DELAWARE COUNTY

**220 NORTH JACKSON STREET**
**MEDIA, PENNSYLVANIA 19063**

OFFICE (610) 891-4100    FAX (610) 891-4019

**CHRISTOPHER WELSH**
**PUBLIC DEFENDER**

**LEE AWBREY**
**FIRST ASSISTANT**

May 27, 2025

Shawn Williams
2100624
George Hill Correctional

Dear Shawn,

As you know, Dr. Lawler believes that you are not competent to proceed to trial. The doctor at Norristown that sent you back to jail is no longer employed there, and the DA is arranging to have another doctor do your evaluation. I am waiting for that to be scheduled. I will be out of the office until 6/12 but if that evaluation is scheduled while I am gone, I will have someone from my office be present.

Regards,

Mary E. Welch

Mary E. Welch, Esq.                          220 N. Jackson Street
Supreme Court ID 59873                       Media, Pennsylvania 19063
Office of the Public Defender                Phone: (610) 329-1470
Attorney for Defendant

---

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA        :        CP-23-CR-452-22

V.                                  :

SHAWN WILLIAMS                      :

---

## PETITION FOR DECLARATION OF INCOMPETENCY PURSUANT TO THE

## MENTAL HEALTH PROCEDURES ACT

TO THE HONORABLE RICHARD CAPPELLI JUDGE OF THE SAID COURT:

Petitioner, the Defendant in the above-captioned case, Shawn Williams, by and through

his attorney, Mary E Welch, Esquire hereby petitions this Court pursuant to the Mental Health

Procedures Act (MHPA) for a hearing to determine competency to stand trial and the

appropriateness of involuntary treatment, and represents:

    1.    On or about 6/18 2024, Petitioner was found incompetent by this Court

after a full hearing. He was transferred to Norristown State Hospital.

    2.    On October 31, 2024, Dr. Michael Gavetti issued a report from Norristown State

Hospital which concluded that Defendant was competent to proceed with trial. Upon application

by the Commonwealth through presentation of a proposed order, the Court ordered that

1

Defendant be returned to George Hill Correctional Facility. He was discharged from Norristown State Hospital on November 11, 2024.

3.      On March 3, 2025, Dr. Anna Lawler issued an addendum to her original report indicating that Defendant is still not competent to proceed to trial.

4.      Thereafter, the Commonwealth indicated that Dr. Gavetti is no longer employed at Norristown State Hospital. The Commonwealth has represented to defense counsel that they are not seeking an additional competency evaluation.

5.      There is currently an order of this Court declaring Defendant incompetent. Defendant remains in George Hill Correctional facility. Status listings have been held January 9, 2025, March 10, 2025, April 14, 2025 and another is scheduled for July 21, 2025.

6.      A person is incompetent to proceed with the legal process if they are "substantially unable to understand the nature or object of the proceedings against [them] or to participate and assist in [their] defense." 50 P.S. 7402(a).

7.      When a court deems an individual incompetent, it may order involuntary treatment for a period not to exceed 60 days "if the court is reasonably certain that the involuntary treatment will provide the defendant with the capacity to stand trial," and only if the individual is not severely mentally disabled. Treatment may consist of "outpatient treatment, partial hospitalization, or inpatient treatment." 50 P.S. 7402(b).


WHEREFORE, Petitioner requests that the court schedule a hearing pursuant to the MHPA to determine whether he is competent to stand trial, whether to order involuntary treatment for the purpose of competency restoration, and whether said treatment should consist of outpatient treatment, partial hospitalization, or inpatient treatment.

Respectfully submitted,

Mary E. Welch, Esquire
Attorney for Petitioner

# VERIFICATION

I, Mary E. Welch, Esquire, the undersigned attorney, hereby certifies that she is the Petitioner and the attorney for the Defendant, and that the facts and information contained in the foregoing Petition are true and correct to the best of my knowledge, information and belief, and that this statement is made subject to the penalties 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

Dated: 7/1/25

BY: _____
Mary E. Welch., Esquire
Attorney No. 59873

## <u>CERTIFICATE OF SERVICE</u>

I, Mary E. Welch, Esquire, the undersigned attorney, hereby certify that on this

date a true and correct copy of the within Petition , was hand delivered to the following:

Office of the District Attorney
Delaware County Courthouse
Front Street and Veterans Square
Media, Pennsylvania 19063

Gerald Montella, Esquire
Office of the Court Administrator
Delaware County Courthouse
Front Street and Veteran's Square
Media, PA  19063

Dated: 7 7 25                    BY: _____
                                      Mary E. Welch., Esquire
                                      Attorney for the Defendant

**Mary E. Welch. Esquire.**
Attorney ID No.59873
Office of the Public Defender
220 N. Jackson Street
Media, PA 19063
(610) 329-1470

**Attorney for Petitioner**

**IN THE COURT OF COMMON PLEAS, DELAWARE COUNTY PENNSYLVANIA
CRIMINAL ACTION LAW**

COMMONWEALTH                      :
                                  :
        vs.                       :          CP-23-CR-452-22
                                  :
SHAWN WILLIAMS                    :
                                  :


**NOTICE OF HEARING**


      **AND NOW**, to wit, this              day of            , 2025, it is hereby

ordered that the District Attorney of Delaware County, show cause why, if any, the

attached Motion should not be granted.  Hearing date, the          day of          ,2025

in Courtroom No.      , Media, Delaware County, Pennsylvania, at       o'clock    .M.

Written notice to be given to the District Attorney's Office of Delaware County,

forthwith.




                     BY THE COURT:




                                      , JUDGE

Mary E. Welch, Esq.
Attorney ID No. 59873
Office of the Public Defender
220 N Jackson Street
Media, PA 19063
(610) 329-1470

**Attorney for Petitioner**

## IN THE COURT OF COMMON PLEAS, DELAWARE COUNTY PENNSYLVANIA
## CRIMINAL ACTION LAW

| | | |
|---|---|---|
| COMMONWEALTH | : | |
| | : | |
| | : | CP-23-CR-452-22 |
| vs. | : | |
| | : | |
| SHAWN WILLIAMS | : | |
| | : | |

## <u>ORDER</u>

**AND NOW**, this            day of                    , 2025, upon

consideration of the Defendant's Petition , after a hearing thereon and for cause shown, it

is hereby **ORDERED, ADJUDGED** and **DECREED** that the Motion be and the same is

herewith **GRANTED**.


BY:


_____
, JUDGE

MARY E. WELCH, ESQUIRE
Office of the Public Defender
220 N. Jackson Street                      Attorney for Defendant
Media, Pennsylvania    19063
(610) 329-1470
Attorney I.D. 59873

COMMONWEALTH OF PENNSYLVANIA    : IN THE COURT OF COMMON PLEAS OF
                                  DELAWARE COUNTY, PENNSYLVANIA
              vs.               :   CRIMINAL DIVISION

SHAWN WILLIAMS                  :   NO. CP-23-CR-452-22


## MOTION FOR PRE-TRIAL DISCOVERY AND INSPECTION

TO THE HONORABLE, THE JUDGES OF THE ABOVE SAID COURT:

Defendant, Mackenzie Shawn Williams, by and through his

attorney, Mary E. Welch, Esquire, respectfully moves the Court as

follows:

1.    Defendant, by his attorney, has engaged in a good

faith effort to resolve all questions of discovery by making an

information request to the Assistant District Attorney assigned to

prosecute this case.

2.    The Commonwealth has complied with the Defense request,

however, However, the defense believes and therefore avers that

additional discovery may be received by the Commonwealth in the

future.

3.    Pursuant to the provisions of Rule 573(B) of the Pa.

R. Crim. P., the Defense hereby moves this Court for an Order

directing the Commonwealth to provide continuing discovery as set

forth below:

       a.   Any evidence favorable to the accused which is material either to guilt or to punishment, and which is within the possession or control of the attorney for the Commonwealth;

       b.   Any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made, which is in the possession or control of the Commonwealth;

       c.   The defendant's prior criminal record;

       d.   The circumstances and results of any identification of the defendant by voice, photograph, or in-person identification;

       e.   Results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant, which are within the possession of the Commonwealth;

       f.   Any tangible objects, including documents, photographs, fingerprints, or other tangible evidence;

       g.   The transcripts and recordings of any electronic surveillance, and the authority by which the said transcripts and recordings were obtained.

       4.   The defense also seeks production of the following:

       a.   The names and addresses of eyewitnesses;

       b.   All written or recorded statements, and substantially verbatim oral statements or eyewitnesses the

Commonwealth intends to call at trial;

       c.   All   written  or  recorded  statements,  and substantially verbatim oral statements, made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not;

       d.   **<u>Specifically,</u> the defense requests the following:**

       **1.   Statements and other discovery of witnesses, including records of prior adult arrests and convictions and juvenile arrests and dispositions ;**

       **2.   Search warrants and inventory sheets;**

       **3.   Photographs of all physical evidence;**

       **4.   Audio and video recordings of statements;**

       **5.   Video   surveillance   obtained   pursuant   to investigation;**

       e.   At this point there is no additional evidence which the defendant can specifically identify the disclosure of which is in the interests of justice and material to the defense. However, should the same become evidence after the Commonwealth's compliance with the Order sought here, the defense will make a supplemental request as expeditiously as possible.

       5.   The information requested is material and essential for the preparation and presentation of defendant's case, both in pre-trial and at trial.

       6.   The attorney for the defendant believes and therefore avers that the information requested is within the control of the

District Attorney of Delaware County, and request for said information
is reasonable.

WHEREFORE, defendant respectfully requests that this
Honorable Court enter an Order compelling discovery as aforesaid.

Respectfully submitted,


MARY E. WELCH, ESQUIRE
Attorney for Defendant

**V E R I F I C A T I O N**

      MARY   E.   WELCH,   ESQUIRE,   hereby   makes   the   following statements  subject  to  the  penalties  of  18  Pa.  C.S.A.  §4904,  relating to  unsworn  falsification  to  authorities:

      That  she  is  the  attorney  of  record  for  Defendant,  that  the said  defendant  has  authorized  her  to  make  this  Verification;  that  she has  sufficient  knowledge  based  upon  conferences  held  with  the  said defendant  and  from  general  knowledge  of  the  within  proceedings  to  make this  verification  in  lieu  of  Defendant ;  that  the  facts  contained  in the  within  motion  which  are  of  her  own  knowledge  are  true  and  those based  upon  information  received  from  others,  she  believes  to  be  true.

_____

MARY E. WELCH, ESQUIRE
Attorney for Defendant/Petitioner

Dated: 4/8/22

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the following persons by leaving a copy of the document at their offices as indicated below. This manner of service satisfies the requirements of Pennsylvania Rule of Criminal Procedure 575.

Office of the District Attorney
Delaware County Courthouse
Media, Pennsylvania 19063
610-891-4161
(Attorney for the Commonwealth)

Gerald C. Montella, Esquire
Office of the Court Administrator
Delaware County Courthouse
Media, Pennsylvania 19063
610-891-4550
(Delaware County District Court Administrator)


MARY E. WELCH, ESQUIRE
Attorney I.D. 59873
220 N. Jackson Street
Media, Pennsylvania 19063
610-329-1470

Dated: 4|8|22

Mary E. Welch, Esquire
Attorney Number 59873
220 N. Jackson Street
Media, PA  19063
Phone: (610)329-1470        Attorney for Defendant/Petitioner

---

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA-
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      :        CP-23-CR-452-22
                                  :
    vs.                           :
                                  :
SHAWN WILLIAMS                    :

### OMNIBUS MOTIONS FOR PRE-TRIAL RELIEF

TO  THE HONORABLE, THE JUDGES OF THE ABOVE SAID COURT:

The Petition of Defendant, Shawn Williams ("Defendant"), by and
through his attorney, Mary E. Welch, Esquire, respectfully represents
that:

1.    The Petitioner is Defendant Shawn Williams, an adult
individual.

2.    On December 20, 2021, a search was conducted at 931
Elsinore Place, Chester PA.

3.    On December 23, 2021, a search was conducted on two
cellular phones seized from 931 Elsinore Place, Chester, PA and from
Defendant's person.

4.    On December 20, 2021, a search was conducted on a blue
Dodge Durango VIN 1D4HB48N05F603297.

5.    Police lacked probable cause, reasonable suspicion, valid

consent or a valid search warrant to conduct the above searches.

6.    Officers seized certain items that the Commonwealth intends to introduce at trial.

7.    Officers claim that the Defendant made certain statements that the Commonwealth intends to introduce against him at trial.

**I.    MOTION TO SUPPRESS STATEMENTS OF THE DEFENDANT**

8.    Paragraphs one (1) through seven (7) above are hereby incorporated by reference and made a part hereof.

9.    Officers claim that the Defendant may have made statements at the time of his arrest.  If such statements were made by the Defendant:

       a.    Defendant was not accurately informed of his Constitutional rights prior to interrogation; and
       b.    Any waiver of rights was not made voluntarily, knowingly, and intelligently.

10.    Therefore, Defendant's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution were violated.

**WHEREFORE,** the Defendant respectfully requests this Honorable Court Order that all statements made by the Defendant be suppressed and no testimony or comment respecting the same may be admissible in any criminal proceeding.

**II.  Motion To Suppress Evidence Obtained from Illegal Search of 931 Elsinore Place**

11.    Paragraphs one (1) through ten (10) are hereby

incorporated by reference and made a part hereof.

10.  Police lacked reasonable suspicion, probable cause, consent or a valid warrant to enter and search the property.

11.  No exigent circumstances existed at the time of the search of the residence.

12.  Any evidence obtained as a result of the search must be suppressed as violative of the state and federal Constitutions.

Wherefore, Defendant requests this Court suppress all evidence, testimony and observations obtained as a result of the illegal search of the property.

### III. Motion to Suppress Evidence Obtained from Illegal Search of the Dodge Durango

13.  Police lacked reasonable suspicion, probable cause, consent or a valid warrant to enter and search the vehicle.

14.  No exigent circumstances existed at the time of the search of the vehicle.

15.  Any evidence obtained as a result of the search must be suppressed as violative of the state and federal Constitutions.

Wherefore, Defendant requests this Court suppress all evidence, testimony and observations obtained as a result of the illegal search of the Dodge Durango.

## IV. Motion to Suppress Evidence Obtained from Illegal Search
## Two Cell phones

16.    Police lacked reasonable suspicion, probable cause, consent or a valid warrant to search the two cell phones seized from Defendant and the residence/vehicle.

17.    Any evidence obtained as a result of the searches must be suppressed as violative of the state and federal Constitutions.

Wherefore, Defendant requests this Court suppress all evidence, testimony and observations obtained as a result of the illegal search of the seized cell phones.

Respectfully submitted,

Mary E. Welch, Esq.
Attorney for the Defendant

Date: 4/8/22

## VERIFICATION

Mary E. Welch, Esquire, hereby makes the following statements subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities:

That she is the attorney of record for Defendant; that the said defendant has authorized her to make this Verification; that she has sufficient knowledge based upon conferences held with the said defendant and from general knowledge of the within proceedings to make this verification in lieu of Defendant; that the facts contained in the within OMNIBUS MOTIONS FOR PRETRIAL RELIEF which are of her own knowledge are true and those based upon information received from others, she believes to be true.

Date: 4/8/2L

Mary E. Welch Esq.
Attorney for the Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am this day serving the foregoing document upon the following persons by leaving a copy of the document at their offices as indicated below. This manner of service satisfies the requirements of Pennsylvania Rule of Criminal Procedure 575.

Office of the District Attorney
Delaware County Courthouse
Media, Pennsylvania  19063
(Attorney for the Commonwealth)

Gerald C. Montella, Esquire
Office of the  Court  Administrator
Delaware County Courthouse
Media, Pennsylvania 19063

_____
May E. Welch, Esq.
Attorney for the Defendant

Date: 4|8|22

# COMMONWEALTH OF PENNSYLVANIA
# COUNTY OF DELAWARE

## POLICE CRIMINAL COMPLAINT
### COMMONWEALTH OF PENNSYLVANIA
### VS.
### (NAME and ADDRESS)

Magisterial District Number: **32-1-31**

MDJ Hon. **PHILIP S TURNER JR**
Address: **1201 HAVERFORD ROAD**
**CRUM LYNNE, PA 19022**

Telephone: (610)833-2581

DEFENDANT:
**SHAWN** First Name  Middle Name  **WILLIAMS** Last Name  Gen.

CHESTER, PA.

**21226**

### NCIC Extradition Code Type

| | | | |
|---|---|---|---|
| ☒ 1 - Felony Full | ☐ 5 - Felony Pend. | ☐ C - Misdemeanor Surrounding States | ☐ Distance: |
| ☐ 2 - Felony Ltd. | ☐ 6 - Felony Pend. Extradition Determ. | ☐ D - Misdemeanor No Extradition | |
| ☐ 3 - Felony Surrounding States | ☐ A - Misdemeanor Full | ☐ E - Misdemeanor Pending | |
| ☐ 4 - Felony No Ext. | ☐ B - Misdemeanor Limited | ☐ F - Misdemeanor Pending Extradition Determ. | |

### DEFENDANT IDENTIFICATION INFORMATION

| Docket Number CR 524-21 | Date Filed 12/20/2021 | OTN/LiveScan Number R 215596-3 | Complaint/Incident Number 21-11938 | Request Lab Service? ☒ YES ☐ NO |
|---|---|---|---|---|

| GENDER | DOB //1982 | POB | Add'l. DOB | Co-Defendants? ☐ |
|---|---|---|---|---|
| ☒ Male ☐ Female | AKA  First Name | Middle Name | Last Name | Gen. |

| RACE | ☐ White | ☐ Asian | ☒ Black | ☐ Native American | ☐ Unknown |
|---|---|---|---|---|---|
| ETHNICITY | ☐ Hispanic | ☒ Non-Hispanic | | ☐ Unknown | |

| HAIR COLOR | ☐ Gry (Gray) | ☐ Red (Red/Aubn) | ☐ SDY (Sandy) | ☒ BLU (Blue) | ☐ PLE (Purple) | ☐ BRO (Brown) |
|---|---|---|---|---|---|---|
| | ☒ Blk (Black) | ☐ Ong (Orange) | ☐ WHI (White) | ☐ XXX (Ink./Bald) | ☐ GRN (Green) | ☐ PNK (Pink) |
| | ☐ Bln (Blonde / Strawberry) | | | | | |

| EYE COLOR | ☐ Blk (Black) | ☐ Blu (Blue) | ☒ BRO (Brown) | ☐ GRN (Green) | ☐ GRY (Gray) | |
|---|---|---|---|---|---|---|
| | ☐ HAZ (Hazel) | ☐ MAR (Maroon) | ☐ PNK (Pink) | ☐ MUL (Multicolored) | ☐ XXX (Unknowr) | |

| DNA | ☐ YES ☒ NO  DNA Location | | WEIGHT (lbs.) |
|---|---|---|---|
| FBI Number **136166HB0** | MNU Number | | **180** |
| Defendant Fingerprinted · ☐ YES ☒ NO | | | Ft. HEIGHT in. |
| Fingerprint Classification | | **6** | **00** |

### DEFENDANT VEHICLE INFORMATION

| Plate # 90132 | State PA | Hazmat ☐ | Registration Sticker (MM/YY) 00/ | Comm'l Veh. Ind. ☐ | School Veh. ☐ | Oth. NCIC Veh. Code | Reg. Same as Def. ☒ |
|---|---|---|---|---|---|---|---|
| VIN | Year 2005 | Make DODGE | Model DURANGO, DODGE | Style | Color BLUE | | |

Office of the attorney for the Commonwealth  ☒ Approved  ☐ Disapproved because: _____

(The attorney for the commonwealth may require the complaint, arrest warrant affidavit, or both, be approved by the attorney for the commonwealth prior to filing. See PA. R. Crim. P 507.)

**DDA ROUSE**                                                          **12/20/2021**
(Name of the attorney for the Commonwealth – Please Print or Type)      (Signature of the attorney for the Commonwealth)      (Date)

I, **DETECTIVE MARC MCKINNEY**                              **0164/**
(Name of the Affiant)                                       PSP/MPOETC – Assigned Affiant ID Number & Badge #

of **RIDLEY TOWNSHIP POLICE DEPARTMENT**                    **PA0232800**
(Identify Department or Agency Represented and Political Subdivision)   (Police Agency ORI Number)

do hereby state:

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as

   ☐ I accuse the defendant whose name and popular designation are unknown to me and whom I have therefore designated as John Doe or Jane Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at [ **107** ] **RIDLEY TOWNSHIP**
                                                                      (Subdivision Code)   (Place-Political Subdivision)
   **1418 CHESTER PK. CRUMLYNNE PA 19022**

   in **DELAWARE** County [ **23** ] on or about **17 DECEMBER 2021 AT 1334 HRS.**
              (County Code)                        (Offense Date)

# POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed 12/20/2021 | OTN/LiveScan Number R 215596-3 | | Complaint/Incident Number 21-11938 |
|---|---|---|---|---|
| Defendant Name | First **SHAWN** | Middle | Last | **WILLIAMS** |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated. In addition, social security numbers and financial information (e.g. PINs) should not be listed. If the identity of an account must be listed, list only the last four digits. 204 PA §§ 213. - 213.7.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older | **0** | | |
|---|---|---|---|---|---|---|---|

| ☒ Lead? | 1 | 2502 | A | of the | 18 | 1 | H1 | |
|---|---|---|---|---|---|---|---|---|
| | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code / UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (Include the name of statute or ordinance):
**MURDER OF THE FIRST DEGREE**

Acts of the accused associated with this Offense:
MURDER OF THE FIRST DEGREE

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older | **0** | | |
|---|---|---|---|---|---|---|---|

| ☐ Lead? | 2 | 2502 | C | of the | 18 | 1 | F1 | |
|---|---|---|---|---|---|---|---|---|
| | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code / UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (Include the name of statute or ordinance):
**MURDER OF THE THIRD DEGREE**

Acts of the accused associated with this Offense:
MURDER OF THE THIRD DEGREE

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older | **0** | | |
|---|---|---|---|---|---|---|---|

| ☐ Lead? | 3 | 907 | B | of the | 18 | 1 | M1 | |
|---|---|---|---|---|---|---|---|---|
| | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code / UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (Include the name of statute or ordinance):
**POSSESSION OF WEAPON**

Acts of the accused associated with this Offense:
POSSESSION OF WEAPON

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older | **0** | | |
|---|---|---|---|---|---|---|---|

| ☐ Lead? | 4 | 6105 | A1 | of the | 18 | 1 | F2 | |
|---|---|---|---|---|---|---|---|---|
| | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code / UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (Include the name of statute or ordinance):
**POSSESSION OF FIREARM PROHIBITED**

Acts of the accused associated with this Offense:
POSSESSION OF FIREARM PROHIBITED

# POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | **12/20/2021** | **R 215596-3** | **21-11938** |

| Defendant Name | First | Middle | Last |
|---|---|---|---|
| | **SHAWN** | | **WILLIAMS** |

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older __0__ |
|---|---|---|---|---|

| Lead? ☐ | Offense # | Section | Subsection | of the | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| | 5 | 6106 | A1 | of the | 18 | 1 | F3 | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (Include the name of statute or ordinance):
**FIREARMS NOT TO BE CARRIED W/O LICENSE**

Acts of the accused associated with this Offense:
FIREARMS NOT TO BE CARRIED W/O LICENSE

# POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | 12/20/2021 | R 215596-3 | 21-11938 |

| Defendant Name | First SHAWN | Middle | Last WILLIAMS |
|---|---|---|---|

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of section 4904 of the Crimes Code (18 PA C.C. 4904) relating to unsworn falsification to authorities.

4. This complaint is comprised of the preceding page(s) numbered __1__ through __3__.

5. I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of Assembly, or in violation of the statutes cited. **(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

DECEMBER 20th _____, 2021            DET. _Mox Vbz 164 wasteew_ #5183
                    (Date)                                    (Signature of Affiant)

AND NOW, on this date _December 31, 2021_ I certify that the complaint has been properly completed and verified. An affidavit of probable cause must be completed before a warrant can be issued.

__32-1-31__                    _____
(Magisterial District Court Number)              (Issuing Authority)

# POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | 12/20/2021 | R 215596-3 | 21-11938 |
| Defendant Name | First SHAWN | Middle | Last WILLIAMS |

## AFFIDAVIT of PROBABLE CAUSE

On Friday December 17th, 2021 at approximately 13:34 hours, The Ridley Township Police were dispatched to Empire Smoke Shop and Phones, 1418 Chester Pike in the Crum Lynne section of Ridley Township for an unknown nature, which was later discovered to be a Homicide.

Upon arrival, OFFICERS located the VICTIM/OWNER laying behind the counter bleeding from numerous gunshot wounds. Police began life saving techniques until Medics arrived. Medics arrived and pronounced the victim deceased on the scene. Police reviewed surveillance footage that showed a black male enter the store dressed in a gray sweat jacket, white V-neck t-shirt, mustard colored khaki cargo pants, tan work boots and black surgical mask. Attached to the cargo pants was a carabiner hook with a vehicle key, house keys, and multiple bar coded tags. The male later identified as Shawn WILLIAMS, entered the store and was holding a black revolver in his right hand. WILLIAMS walks up to the victim who was standing behind the counter and points the revolver at him. He fires multiple shots at the victim immediately dropping the victim on the floor. WILLIAMS turns and walked out of the store and is seen on surveillance footage entering a navy blue Dodge Durango which appeared to be a 2004-2006. WILLIAMS backs out of the parking lot and is seen travelling west on Chester Pike towards Chester. Surveillance footage was captured from multiple locations on Chester Pike which showed a navy blue Dodge Durango with a sticker in both rear windows. The vehicle also shows a dent on the rear passenger wheel well.

On Monday December 20th, 2021 Police searched the area and discovered a 2005 navy blue Dodge Durango located at 931 Elsinore place, in Chester. Features from the vehicle matched the vehicle used in the homicide. Police viewed two "ADT" stickers on both sides of the vehicle windows which matched the stickers on the footage. Also located on the vehicle were dents on the passenger wheel well and the vehicle possessed a roof rack and sunroof like the vehicle used in the homicide. Police ran the registration through NCIC and determined the vehicle was owned by Shawn WILLIAMS. Shawn WILLIAMS' driver's license photograph was also obtained

I, **DETECTIVE MARC MCKINNEY (0164)**          , BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE *CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA* THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

_____ #5183
(Signature of Affiant)

Sworn to me and subscribed before me this ____ day of _____, 20__

10/21/21 Date _____, Magisterial District Judge

My commission expires first Monday of January, 20__



# POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | **12/20/2021** | **R 215596-3** | **21-11938** |
| **Defendant Name** | First **SHAWN** | Middle | Last **WILLIAMS** |

## AFFIDAVIT of PROBABLE CAUSE CONTINUATION

through NCIC. WILLIAMS Penndot license photograph matches the description of the actor who committed the homicide.   While investigating WILLIAMS' house detectives found that Shawn WILLIAMS is the property owner and he also is the account holder for the Peco Service.

A search was applied for and obtained to search WILLIAMS' home and vehicle. Detectives proceeded to his residence at 931 Elsinore Place in Chester and viewed WILLIAMS walking out of his house.  WILLIAMS got in to his Dodge Durango and Detectives approached him.  WILLIAMS had in his possession a carabiner key chain with a vehicle key, house keys and multiple bar coded tags, which matched the keys viewed on the homicide actor.  WILLIAMS was asked if he would come back to Ridley Township Police Headquarters to talk to Police, and he agreed.  He was given a courtesy transport back to headquarters while Police secured the residence and waited for a search warrant to be signed.  A search warrant was obtained and Police searched WILLIAMS' residence.

Police searched WILLIAMS' residence and located a bag under the rear stairs behind the residence.  Inside that bag was a gray sweat jacket, mustard colored khaki cargo pants, tan work boots and two black surgical masks.  A review of surveillance footage showed tears in the right knee and crotch area of the cargo pants.  The cargo pants located in the bag showed tears in the exact location.  The items in the bag were seized by detectives and preserved for evidence.

Back at Police Headquarters Shawn WILLIAMS agreed to waive his rights and provided a taped statement admitting to shooting the victim in the Smoke Shop with a black revolver.  His reasoning was the victim was one of the males who had robbed him in multiple prior incidents.

A search of WILLIAMS' criminal history revealed WILLIAMS is a convicted felon and not permitted to possess a firearm.

The above listed DEFENDANT, Shawn WILLIAMS, is charged with murder in the first degree, murder in the third degree, possessing instruments of the crime, possession of firearms prohibited, and firearms not be carried without a license.

DET. _Noe McH_____  JUDGE #5183
(Signature of Affiant)

_____ 12/21/21



# NEWS & COMMENTARY

# Pennsylvania Is Jailing Mentally Ill People Who Belong in Treatment



**Witold Walczak**, Legal Director, ACLU of Pennsylvania

March 25, 2019

For the third time in less than four years, the ACLU of Pennsylvania and co-counsel from Arnold & Porter Kaye Scholer asked a federal judge last week to order Pennsylvania's Department of Human Services to reduce the time that people with severe psychiatric disabilities spend waiting in jail for treatment beds. These people's mental disabilities are so significant that under the Constitution they can be neither prosecuted nor punished, which means they cannot be kept in a prison or jail.

How disabled are our clients?

Most are floridly psychotic. This means that they see people who are not in the room, hear people who are not talking, and feel things — like armies of spiders crawling on them — that are not there. Jail conditions only exacerbate these symptoms and make them deteriorate further. They spread feces on themselves and eat it. Some become violent.

These people are also very alone. Many of our clients' families have abandoned them — not because they are bad people necessarily, but because the societal and medical supports to help both their loved one and themselves are not there. And the clients' illness prevents them from advocating for themselves. These people are helpless, often without anyone even trying to help them.

Our clients also share in common criminal charges for a range of transgressions, from stealing peppermint candies from a convenience store — I kid you not; check out our lead plaintiff's story — to murder. But because they are too sick to understand the charges or assist in defending against them, the Constitution prohibits them from being prosecuted or imprisoned.

If the criminal court determines that mental health treatment will likely make them competent within a reasonable time period, however, the court can order them into "competency restoration treatment." This treatment need not involve expensive hospital beds; for some people, the treatment can be provided in the community.

In October 2015, we sued DHS over what appeared to be the longest wait times for incompetent criminal defendants in the country. Two federal courts had ruled that the Constitution requires states to transfer incompetent patients ordered to treatment within seven days. In Pennsylvania, one of the two DHS hospitals accepting such patients was so full that people were waiting in county jails for over a year, and in some cases more than two years.

These lengthy waits in jail are not only plainly unconstitutional: They are inhumane. People with severe psychiatric disabilities, who legally cannot be punished, are held in cages — that's what a prison cell is, folks — usually with little or no mental health services. Studies reveal that individuals with major mental illnesses, as a group, face a substantial likelihood of getting seriously injured in prison. Confining severely mentally ill patients in close quarters with, and without adequate protection from, large numbers of antisocial persons with excess time and few productive activities results in bullying and predation.

Moreover, their mental illness causes them to act in ways prisons don't condone, often leading to their placement in solitary confinement. Not only does the patient remain untreated, but the isolation causes the patient to decompensate much faster, exacerbating the mental health condition. These experiences — the trauma of physical and sexual victimization and conditions of solitary confinement, either alone or in combination — often aggravate inmates' psychiatric symptoms and even create new mental disorders.

Our first injunction in the case resulted in a January 2016 settlement requiring DHS to study the problem to identify a solution as well as to add treatment beds. We suggested that many of the patients could be treated in community settings, which would be better for them and much cheaper for the agency. When those changes did not reduce wait times, we filed for a second injunction in summer 2017. The second settlement eventually reduced wait times to about 4-5 months, but that was still far too long, legally and medically.

Our third injunction request last week is straightforward: We ask the court to order DHS to meet the seven-day transfer period for all patients by Sept. 1. The agency will need to figure out how to do so. Our clients cannot continue to pay the heavy price of DHS's failure to fix this problem.

If a society is judged by how it treats its most vulnerable citizens, Pennsylvania is not doing very well.

# Learn More About the Issues on This Page

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Shawn Williams

Page 1 of 11

## CASE INFORMATION

Judge Assigned: Cappelli, Richard M.

OTN: R 215596-3     LOTN:

Initial Issuing Authority: Phillip S. Turner

Arresting Agency: Ridley Twp Police Dept

Complaint/Citation No.: 2111938

County: Delaware

Case Local Number Type(s)

Date Filed: 02/07/2022     Initiation Date: 12/21/2021

Originating Docket No: MJ-32130-CR-0000593-2021

Final Issuing Authority: Phillip S. Turner

Arresting Officer: McKinney, Marc R.

Incident Number: 21-11938

Township: Ridley Township

Case Local Number(s)

## RELATED CASES

| Related Docket No | Related Case Caption | Related Court | Association Reason |
|---|---|---|---|
| **Related Misc. Motion Cases** | | | |
| CP-23-MD-0003125-2021 | Comm. v. Williams, Shawn | CP-32-23-Crim | Same MDJ Case |

## STATUS INFORMATION

| Case Status: | Active | Status Date | Processing Status | Arrest Date: | 12/21/2021 |
|---|---|---|---|---|---|
| | | 03/15/2022 | Awaiting Trial | | |
| | | 03/02/2022 | Awaiting Formal Arraignment | | |
| | | 03/02/2022 | Awaiting Trial Scheduling | | |
| | | 02/07/2022 | Awaiting Formal Arraignment | | |
| | | 02/07/2022 | Awaiting Filing of Information | | |

Complaint Date:     12/21/2021

Printed: 09/04/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Shawn Williams

Page 2 of 11

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 02/28/2022 | 9:30 am | | Judge Richard M. Cappelli | Scheduled |
| Formal Arraignment | 03/02/2022 | 8:00 am | | | Scheduled |
| Pre-Trial Conference | 03/14/2022 | 9:30 am | | Judge Richard M. Cappelli | Scheduled |
| Trial | 04/18/2022 | 9:30 am | | Judge Richard M. Cappelli | Scheduled |
| Motions Hearing | 06/13/2022 | 9:30 am | | Judge Richard M. Cappelli | Scheduled |
| Status Conference | 08/01/2022 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 09/19/2022 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 11/28/2022 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 01/30/2023 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 03/13/2023 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 04/10/2023 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 06/12/2023 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 07/24/2023 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 09/11/2023 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 10/30/2023 | 9:30 am | | Judge Richard M. Cappelli | Scheduled |
| Motions Hearing | 01/16/2024 | 9:30 am | Courtroom 2 | Judge Richard M. Cappelli | Continued |
| Motions Hearing | 02/26/2024 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Motions Hearing | 03/25/2024 | 9:30 am | | Judge Richard M. Cappelli | Scheduled |
| Status Conference | 09/09/2024 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 11/04/2024 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 01/06/2025 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 02/03/2025 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 03/10/2025 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 04/14/2025 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 05/12/2025 | 9:30 am | | Judge Richard M. Cappelli | Continued |
| Status Conference | 07/21/2025 | 9:30 am | | Judge Richard M. Cappelli | Scheduled |
| Status Conference | 09/08/2025 | 9:30 am | | Judge Richard M. Cappelli | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 12/21/2021 | County Correctional Facility | Delaware County Prison | | Yes |

## DEFENDANT INFORMATION

| Date Of Birth: | 06/26/1982 | City/State/Zip: | Chester, PA 19013 |
|---|---|---|---|

CPCMS 9082

Printed: 09/04/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

Page 3 of 11

v.

Shawn Williams

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Williams, Shawn |

## BAIL INFORMATION

**Williams, Shawn**                                                                           **Nebbia Status: None**

| Bail Action | Date | Bail Type | Originating Court | Percentage | Amount |
|---|---|---|---|---|---|
| Denied | 12/21/2021 | | Magisterial District Court | | $0.00 |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | H1 | 18 § 2502 §§ A | Murder Of The First Degree | 12/17/2021 | R 215596-3 |
| 2 | 2 | F1 | 18 § 2502 §§ C | Murder Of The Third Degree | 12/17/2021 | R 215596-3 |
| 3 | 3 | M1 | 18 § 907 §§ B | Possession Of Weapon | 12/17/2021 | R 215596-3 |
| 4 | 4 | F1 | 18 § 6105 §§ A1 | Possession Of Firearm Prohibited | 12/17/2021 | R 215596-3 |
| 5 | 5 | F3 | 18 § 6106 §§ A1 | Firearms Not To Be Carried W/O License | 12/17/2021 | R 215596-3 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

**Held for Court (Lower Court)**        Defendant Was Present

| Lower Court Disposition | 01/31/2022 | Not Final | |
|---|---|---|---|
| 1 / Murder Of The First Degree | Held for Court (Lower Court) | H1 | 18 § 2502 §§ A |
| 2 / Murder Of The Third Degree | Held for Court (Lower Court) | F1 | 18 § 2502 §§ C |
| 3 / Possession Of Weapon | Held for Court (Lower Court) | M1 | 18 § 907 §§ B |
| 4 / Possession Of Firearm Prohibited | Held for Court (Lower Court) | F1 | 18 § 6105 §§ A1 |
| 5 / Firearms Not To Be Carried W/O License | Held for Court (Lower Court) | F3 | 18 § 6106 §§ A1 |

**Proceed to Court**        Defendant Was Not Present

| Information Filed | 03/02/2022 | Not Final | |
|---|---|---|---|
| 1 / Murder Of The First Degree | Proceed to Court | H1 | 18 § 2502 §§ A |
| 2 / Murder Of The Third Degree | Proceed to Court | F1 | 18 § 2502 §§ C |
| 3 / Possession Of Weapon | Proceed to Court | M1 | 18 § 907 §§ B |
| 4 / Possession Of Firearm Prohibited | Proceed to Court | F1 | 18 § 6105 §§ A1 |
| 5 / Firearms Not To Be Carried W/O License | Proceed to Court | F3 | 18 § 6106 §§ A1 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Shawn Williams

Page 4 of 11

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| **Name:** Lewis M. Reagan | **Name:** Mary Elizabeth Welch |
| District Attorney | Public Defender |
| **Supreme Court No:** 086978 | **Supreme Court No:** 059873 |
| **Phone Number(s):** | **Rep. Status:** Active |
| 412-400-5081 (Phone) | **Phone Number(s):** |
| **Address:** | 610-329-1470 (Phone) |
| Delaware County District Attorney's Office | **Address:** |
| 201 W Front St | Delaware County Public Defender's Office |
| Media, PA 19063 | 220 N Jackson St |
| | Media, PA 19063 |
| **Name:** Jason Morton Harmon | |
| District Attorney | Representing: Williams, Shawn |
| **Supreme Court No:** 309360 | |
| **Phone Number(s):** | |
| 610-891-4052 (Phone) | |
| **Address:** | |
| Delaware County District Attorney's Office | |
| 201 W Front St | |
| Media, PA 19063 | |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 02/07/2022 | | Court of Common Pleas - Delaware County |
| Original Papers Received from Lower Court | | | |
| 1 | 02/08/2022 | | Delaware County Clerk of Courts |
| Constable Fees | | | |
| 2 | 03/02/2022 | | Stollsteimer, Jack |
| Information Filed | | | |
| 2 | 03/15/2022 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; Trial Date 4/18/22 Courtroom TBA Judge Cappelli | | | |
| 1 | 04/11/2022 | | Welch, Mary Elizabeth |
| Omnibus Pre-Trial Motion Relief | | | |
| 2 | 04/11/2022 | | Welch, Mary Elizabeth |
| Informal Request for Pre-Trial Discovery and Inspection | | | |
| 1 | 04/18/2022 | | Cappelli, Richard M. |
| Criminal Notice Filed, Motion, 6/16/22 @9AM, Crtrm TBA, Judge Cappelli | | | |

CPCMS 9082

Printed: 09/04/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Shawn Williams

Page 5 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 04/21/2022 | | Cappelli, Richard M. |
| Notice of Hearing (Petition) June 16, 2022 @ 9:00 CTRM TBA | | | |
| Harmon, Jason Morton | | | |
| 04/21/2022 | | Interoffice | |
| Welch, Mary Elizabeth | | | |
| 04/21/2022 | | Interoffice | |
| | | | |
| 3 | 04/21/2022 | | Cappelli, Richard M. |
| Notice of Hearing (Petition) Hearing June 16, 2022 @ 9:00AM CTRM TBA | | | |
| Harmon, Jason Morton | | | |
| 04/21/2022 | | Interoffice | |
| Welch, Mary Elizabeth | | | |
| 04/21/2022 | | Interoffice | |
| | | | |
| 1 | 06/14/2022 | | Cappelli, Richard M. |
| Criminal Notice form filed; Status 08/01/22 @9AM; Crtrm 2; Judge Cappelli | | | |
| | | | |
| 1 | 08/01/2022 | | Cappelli, Richard M. |
| Criminal Notice form filed; Status 09/19/22 @9AM; Judge Cappelli; Crtrm 2 | | | |
| | | | |
| 1 | 09/19/2022 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; Court Date 11/28/22 Courtroom TBA Judge Cappelli | | | |
| | | | |
| 1 | 11/28/2022 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; Court Date 1/30/23 Courtroom TBA Judge Cappelli | | | |
| | | | |
| 1 | 12/20/2022 | | Williams, Shawn |
| Defendant's Pro Se Motion for Return of Property | | | |
| | | | |
| 2 | 12/20/2022 | | Williams, Shawn |
| Defendant's Pro Se Motion for Dismissal | | | |
| | | | |
| 3 | 01/30/2023 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; Court Date 03-13-23 Ctm #2 jUDGE Cappelli | | | |
| | | | |
| 1 | 03/01/2023 | | Williams, Shawn |
| Notice of Motion to Quash the Information/Petition for Writ of Habeas Corpus | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Shawn Williams

Page 6 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 03/02/2023 | | Williams, Shawn |
| Motion to Release Defendant Immediately on Nominal Bail pursuant to Rule 600 | | | |
| 1 | 03/09/2023 | | Williams, Shawn |
| Motion for Appointment of Counsel | | | |
| 1 | 03/13/2023 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; Court Date 4/10/23 Courtroom #2 Judge Cappelli | | | |
| 1 | 03/16/2023 | | Williams, Shawn |
| Defendant's Pro Se Motion to Set Nominal Bail | | | |
| 1 | 03/29/2023 | | Williams, Shawn |
| Defendant's Po Se Petition for Writ of Habeas Corpus | | | |
| 3 | 04/11/2023 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; Court Date: 6/13/23 CRTRM #2 Judge Cappelli | | | |
| 4 | 04/11/2023 | | Cappelli, Richard M. |
| Order Deft to Provide to Commonwealth all Documents & Evidence Related to the Deft's physical, - | | | |
| Harmon, Jason Morton | | | |
| | 04/11/2023 | Interoffice | |
| Welch, Mary Elizabeth | | | |
| | 04/11/2023 | Interoffice | |
| 1 | 04/20/2023 | | Williams, Shawn |
| Defendant's Pro Se Motion to Supress Physical Evidence | | | |
| Welch, Mary Elizabeth | | | |
| | 06/01/2023 | Interoffice | |
| 1 | 04/27/2023 | | Williams, Shawn |
| Defendant's PRo Se Defendant's Motion for Compulsory Disclvousre, Discovery & Inspection | | | |
| Welch, Mary Elizabeth | | | |
| | 06/01/2023 | Interoffice | |
| 1 | 05/31/2023 | | Williams, Shawn |
| Defendant's Petition to Restore Firearm Rights Pursuant to Title 18.Pa.C.S.A Sec 6105.1 | | | |
| Welch, Mary Elizabeth | | | |
| | 06/01/2023 | Interoffice | |

CPCMS 9082

Printed: 09/04/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Shawn Williams

Page 7 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 06/08/2023 | | Williams, Shawn |
| Defendant's Pro Se Petition to Suppress al Illegal Evasdropping & Electronic Surveillance Pursuant | | | |
| Welch, Mary Elizabeth | | | |
| 06/08/2023 | First Class | | |
| 2 | 06/08/2023 | | Williams, Shawn |
| Motion for Defendant's Pro Se Petition for Immediate Hearing or Rescession of No Bail/Detainer | | | |
| Welch, Mary Elizabeth | | | |
| 06/08/2023 | First Class | | |
| 1 | 06/12/2023 | | Cappelli, Richard M. |
| Criminal Notice Form Filed: Courtroom #Judge R. Cappelli, 07/24/23 | | | |
| 1 | 06/13/2023 | | Williams, Shawn |
| Defendant's Pro Se notice of Motion to Quash the Information/Petition for Writ of Habeas Corpus | | | |
| Welch, Mary Elizabeth | | | |
| 06/13/2023 | First Class | | |
| 2 | 06/13/2023 | | Williams, Shawn |
| Defendant's Pro Se Petition for Release and Dismissal of Charges | | | |
| Welch, Mary Elizabeth | | | |
| 06/13/2023 | First Class | | |
| 3 | 07/24/2023 | | Cappelli, Richard M. |
| Criminal Notice Form Filed/ Notice of Court 9/11/23 @9:00a , Ctrm TBA, Judge Cappelli | | | |
| 1 | 09/11/2023 | | Cappelli, Richard M. |
| Criminal Notice Filed; trial date 10/30/23 courtroom #2 Judge Cappelli | | | |
| 1 | 10/19/2023 | | Welch, Mary Elizabeth |
| Petition for Declaration of Incompetency Pursuant to the Meental Health Procedures Act | | | |
| 1 | 10/30/2023 | | Cappelli, Richard M. |
| CRIMINAL NOTICE; TRIAL/STATUS 1/19/24 @9:00AM W/JUDGE CAPPELLI COURTROOM 2 | | | |
| 1 | 11/01/2023 | | Cappelli, Richard M. |
| Notice of Hearing Judge Cappelli 1-19-2024 Courtroom 2 at 9 am | | | |

CPCMS 9082

Printed: 09/04/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Shawn Williams

Page 8 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| Harmon, Jason Morton | | | |
| 11/01/2023 | Interoffice | | |
| Welch, Mary Elizabeth | | | |
| 11/01/2023 | First Class | | |
| | | | |
| 1 | 01/19/2024 | | Cappelli, Richard M. |
| Criminal Notice Form Filed: Trial/Status 2/26/24 @ 11:00 am Crtrm 2 w/ Judge Cappelli | | | |
| | | | |
| 1 | 01/29/2024 | | Williams, Shawn |
| Defendant Pro Se Motion for PRe-Trial Release Pursuant to Title 50 Section 7403 Hearing & Determinat | | | |
| Welch, Mary Elizabeth | | | |
| 01/30/2024 | First Class | | |
| | | | |
| 1 | 03/26/2024 | | Cappelli, Richard M. |
| Compentency Hearing Resumes | | | |
| | | | |
| 2 | 03/26/2024 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; 9/9/24 Courtroom #2 Judge Cappelli | | | |
| | | | |
| 1 | 04/03/2024 | | Cappelli, Richard M. |
| Transcripts of Proceedings Judge Cappelli 3-26-2024 Courtroom 2 Pages 1-125 | | | |
| | | | |
| 1 | 06/14/2024 | | Williams, Shawn |
| Permission to File Petition for Review Pursuant to Petition for Prohibition(Writ of Prohibition) | | | |
| | | | |
| 1 | 06/20/2024 | 06/18/2024 | Cappelli, Richard M. |
| Order Under 50 P.S. 7402; 50P.S. 7402(b); 50 P.S. 7403(b); 50 P.S. 7403(c)Deft Rewxamined not Less - | | | |
| Reagan, Lewis M. | | | |
| 06/20/2024 | Interoffice | | |
| Welch, Mary Elizabeth | | | |
| 06/20/2024 | Interoffice | | |
| | | | |
| 1 | 07/11/2024 | | Nicholas, William T. |
| Pro Se Correspondence | | | |
| | | | |
| 1 | 07/19/2024 | | Commonwealth Court of Pennsylvania |
| Certificate of Transfer | | | |

CPCMS 9082

Printed: 09/04/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Shawn Williams

Page 9 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| Williams, Shawn | | | |
| 07/26/2024 | First Class | | |
| | | | |
| 1 | 09/03/2024 | 09/03/2024 | Cappelli, Richard M. |
| Pursuant to 50 P.S. 7402(a) &50 P.S. 7403(b) Deft Found Incompetent, Prosecution Stayed,HRG 11/4/24 | | | |
| Reagan, Lewis M. | | | |
| 09/03/2024 | Interoffice | | |
| Welch, Mary Elizabeth | | | |
| 09/03/2024 | Interoffice | | |
| | | | |
| 1 | 09/25/2024 | | Williams, Shawn |
| Pro Se Correspondence | | | |
| | | | |
| 1 | 10/15/2024 | | Williams, Shawn |
| Pro Se Correspondence | | | |
| | | | |
| 3 | 11/06/2024 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; 1/9/25 Courtroom 2 Judge Cappelli | | | |
| | | | |
| 4 | 11/06/2024 | | Cappelli, Richard M. |
| Transportation Order- Shawn Williams to be Transported from NSH to GWCF on Friday, November 8, 2024 | | | |
| | | | |
| 1 | 12/12/2024 | | Williams, Shawn |
| Pro Se Correspondence | | | |
| | | | |
| 3 | 01/09/2025 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; 2/3/25 Courtroom #2 Judge Cappelli | | | |
| | | | |
| 3 | 02/03/2025 | | Cappelli, Richard M. |
| CRIMINAL NOTICE FILED: TRIAL 3/10/25 @ 9AM CTRM #2 JUDGE CAPPELLI | | | |
| | | | |
| 1 | 02/04/2025 | 02/04/2025 | Cappelli, Richard M. |
| Order NSH shall Immediately Provide Records to Counsel for the Deft | | | |
| Reagan, Lewis M. | | | |
| 02/04/2025 | Interoffice | | |
| Welch, Mary Elizabeth | | | |
| 02/04/2025 | Interoffice | | |

Printed: 09/04/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial
System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed
data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can
only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record
Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Shawn Williams

Page 10 of 11

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 02/18/2025 | | Williams, Shawn |
| Pro Se Correspondence | | | |
| 1 | 02/26/2025 | | Williams, Shawn |
| Pro Se Correspondence | | | |
| 1 | 03/10/2025 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; 4/14/25 Courtroom #2 Judge Cappelli | | | |
| 1 | 04/14/2025 | | Cappelli, Richard M. |
| Criminal Notice Form Filed; 5/12/25 @9am Judge Cappelli ctrm 2 | | | |
| 1 | 06/09/2025 | | Williams, Shawn |
| Pro Se Correspondence | | | |
| Welch, Mary Elizabeth | | | |
| 06/10/2025 | First Class | | |
| 1 | 07/08/2025 | | Welch, Mary Elizabeth |
| Petition for Declaration of Incompetency Pursuant to the Mental Health Procedures Act | | | |
| 1 | 07/22/2025 | 07/21/2025 | Cappelli, Richard M. |
| Order Pursuant to 50 P.S. 7402(a) & 50 P.S. 7403(b) Deft Found Incompetent, Prosecution Stayed | | | |
| Reagan, Lewis M. | | | |
| 07/22/2025 | Interoffice | | |
| Welch, Mary Elizabeth | | | |
| 07/22/2025 | Interoffice | | |
| 1 | 07/25/2025 | | Williams, Shawn |
| Pro Se Correspondence | | | |

CPCMS 9082                                                                                                   Printed: 09/04/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial
System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed
data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can
only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record
Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET

**Docket Number: CP-23-CR-0000452-2022**

# CRIMINAL DOCKET

**Court Case**



Commonwealth of Pennsylvania

v.

Shawn Williams

Page 11 of 11

## CASE FINANCIAL INFORMATION

Last Payment Date:                                                          Total of Last Payment:

**Williams, Shawn**
Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Balance |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Server Fee - Referred to County | $27.50 | $0.00 | $0.00 | $0.00 | $27.50 |
| Constable (Delaware) | $98.00 | $0.00 | $0.00 | $0.00 | $98.00 |
| Constable Education Training Act | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Petitions (Delaware) | $17.50 | $0.00 | $0.00 | $0.00 | $17.50 |
| Costs/Fees Totals: | $148.00 | $0.00 | $0.00 | $0.00 | $148.00 |
| Grand Totals: | $148.00 | $0.00 | $0.00 | $0.00 | $148.00 |

** - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.